This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant James Birch has appealed a judgment from the Medina County Common Pleas Court that found him guilty of intimidation. This Court affirms.
 I.
Defendant was indicted by the Medina County Grand Jury for one count of intimidation, a violation of R.C. 2921.03(A). The indictment alleged that Defendant and co-defendant Jeremy Dearth intimidated Charles Marhevka, an employee of Taco Bell and a confidential informant for the Medway Drug Enforcement Agency. At trial, Defendant waived his right to trial before a jury. The State presented testimony from several police officers and Marhevka. The trial court found Defendant guilty and sentenced him accordingly. Defendant timely appealed, asserting one assignment of error.
 II. The trial court erred in denying [Defendant's] motion for acquittal pursuant to [Crim.R. 29] and [Defendant's] conviction is against the manifest weight of the evidence.
For his sole assignment of error, Defendant has argued that the State failed to prove that he intimidated Marhevka and that his conviction is against the weight of the evidence. Specifically, Defendant has asserted that his actions were retaliatory, rather than intimidating. This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense." Evaluations of the sufficiency of the evidence put forth by the [State] and the weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley
(Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380,386 ("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Id. at 390 (Cook, J. concurring). In determining whether that burden of persuasion has been met, a reviewing court does not view the evidence in the light most favorable to the State. Gulley, supra, at 3. Instead, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. See id.
R.C. 2921.03(A) states that "[n]o person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, a party official, or witness in the discharge of the person's duty."[1] At trial, the State presented evidence that on the date in question, Defendant and Dearth went to the bank to get change for their employer and proceeded to Taco Bell for lunch. At approximately 10:15 a.m., Defendant and Dearth arrived at Taco Bell. The establishment did not open until 11:00 a.m. While pulling into the parking lot, Defendant and Dearth saw Marhevka enter Taco Bell. The two men wanted to confront Marhevka regarding his role as a confidential informant in a matter concerning Dearth's cousin. The two men went up to the glass doors and tried to get Marhevka to come out to the parking lot by making threats and hitting the glass.
Marhevka testified that he was an informant for Medway Drug Enforcement Agency and that he had been involved in the arrest of Dearth's cousin. He stated that he had previously been subpoenaed to testify in other cases and could have been called as a witness in the case against Dearth's cousin because the case was in its early stages when Defendant and Dearth confronted him at Taco Bell. Marhevka recalled that Defendant had called him a "narc," "bitch," and threatened to "kick his ass." Finally, the State offered into evidence the following signed statement by Defendant:
 Me (sic) and [Dearth] left work to get change and lunch. We went to Taco bell (sic) to get lunch and we (sic) seen [Marhevka] so we (sic) was asking him about setting up [Dearth's] cousin and he wouldn't come out side (sic), then we got into an argument after that (sic) we left and were headed to the Taco bell (sic) on 303.
Based on the foregoing, this Court concludes that the trial court did not lose its way in finding Defendant guilty of intimidation and that his conviction was not against the manifest weight of the evidence. In his own statement, Defendant admitted that he asked Marhevka about Dearth's cousin and tried to get Marhevka to come outside of Taco Bell. Defendant further conceded that there was an argument at Taco Bell. Lastly, the case against Dearth's cousin was still pending when Defendant confronted Marhevka. Indeed, this is not a case where the evidence weighs heavily in Defendant's favor. His sufficiency argument also fails as a result. See State v. Roberts (Sept. 7, 1997), Lorain App. No. 96CA006462, unreported, at 5 ("Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency."). Defendant's sole assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________ BETH WHITMORE
BAIRD, P.J., CARR, J. CONCUR.
[1] R.C. 2921.03(A) was amended by House Bill 88 to include the following language: ". . . a party official, or an attorney or witness involved in a civil action or proceeding in the discharge of the duties of the public servant, party official, attorney or witness."